**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ZE WEI CHEN,<br><br>*Plaintiff*,<br><br>v.<br><br>LANZHI TECHNOLOGY LIMITED, and<br>BAOMU TECHNOLOGY CO., LIMITED,<br><br>*Defendants*. | **CASE NO.**<br><br>**Jury Demand** |

**COMPLAINT**

Plaintiff ZEWEI CHEN. ("CHEN" or "Plaintiff") hereby brings the present action against Defendants Lanzhi Technology Limited and Baomu Technology Co., Limited (collectively "Defendants") and alleges as follows:

**I. JURISDICTION AND VENUE**

1.     This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, et seq., 28 U.S.C. § 1338(a)–(b) and 28 U.S.C. § 1331.

2.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, e-commerce stores. Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts and, on

information and belief, have sold products using infringing and counterfeit versions of Plaintiff's federally registered trademark to residents of Illinois. Each of the Defendant is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

## II. INTRODUCTION

3.     This action has been filed by Plaintiff to combat e-commerce store operators who trade upon Plaintiff's reputation and goodwill by offering for sale and/or selling unauthorized and unlicensed products using infringing and counterfeit versions of Plaintiff's federally registered trademark (the "Counterfeit Plaintiff Products"). Plaintiff's trademark, which is covered by U.S. Trademark Registration No. 7,497,357 ("the Mark" hereinafter). **Exhibit A**.

4.     Defendants create e-commerce stores operating under one or more Seller Aliases that are advertising, offering for sale, and selling Counterfeit Plaintiff Products to unknowing consumers. E-commerce stores operating under the Seller Aliases share unique identifiers, establishing a logical relationship between them and that Defendants' counterfeiting operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid and mitigate liability by operating under one or more Seller Aliases to conceal both their identities and the full scope and interworking of their counterfeiting operation. Plaintiff is forced to file this action to combat Defendants' counterfeiting of its registered trademark, as well as to protect unknowing consumers from purchasing Counterfeit Plaintiff Products over the Internet. Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable trademark as a result of Defendants' actions and seeks injunctive and monetary relief.

5.      Plaintiff is engaged in the business of developing, manufacturing, and selling a wide variety of toys.

6.      In value its ever-growing intellectual property portfolio. Plaintiff prides himself on being able to innovate quickly, and regularly innovates new toy designs and protects those inventions with his intellectual property.

7.      Plaintiff has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting and protecting Plaintiff's Brand Products.

8.      Plaintiff's products are promoted and sold through online markets such as Amazon and authorized retail partners.

### III. THE PLAINTIFF

9.      Plaintiff is an individual currently residing at 404, Building 3, No. 36 Leyuan Road, Luohu District, Shenzhen, Guangdong, China, 518000.

10.     At all times relevant, Plaintiff has marketed and sold toys through online marketplaces such as Amazon, Temu, and AliExpress, utilizing the Mark. Sales include to the United States as well as other countries.

11.     Plaintiff is the owner of all rights, title and interest in and to the Mark, U.S. Trademark Registration No. 7,497,357. The registration is valid, subsisting, unrevoked and uncancelled. The registration for the Mark constitutes *prima facie* evidence of validity and of Plaintiff's exclusive right to use the Mark pursuant to 15 U.S.C. § 1057(b).

12.     Plaintiff has been using the Mark in connection with the advertising and sale of Plaintiff's Products in interstate and foreign commerce, including commerce in the State of Illinois and the Northern District of Illinois.

13.     The Mark has been widely promoted, both in the United States and throughout the

world. Genuine products bearing the Mark are distributed through Plaintiff's internet stores on Alibaba, Aliexpress, Amazon, etc.

14.     Plaintiff utilizes the registered Mark in connection with the advertisement, marketing and sale of retail items through Alibaba, Aliexpress, Amazon, etc.

15.     The Mark has not been assigned or licensed to any of the Defendants in this matter.

16.     Plaintiff's Mark is a symbol of Plaintiff's quality, reputation and goodwill and have never been abandoned.

17.     Plaintiff has expended substantial time, money and other resources developing, advertising and otherwise promoting the Mark.

## IV. THE DEFENDANTS

18.     The defendant, Lanzhi Technology Limited, has registered two addresses on Amazon, one located in Hong Kong and the other in mainland China. Therefore, the plaintiff does not have access to the defendant's true identity. Lanzhi's Amazon store ID is A2VTQ3XNKR1LBP.

19.     Similarly, the defendant, Baomu Technology Co., Limited, has also registered two addresses on Amazon, one located in Hong Kong and the other in mainland China. Therefore, the plaintiff does not have access to the defendant's true identity. Baomu's Amazon store ID is A2G0N2IHIHE6CE.

20.     The plaintiff believes that the two defendants are related companies, as their mainland China addresses come from the same township.

21.     Each Defendant, without any authorization or license from Plaintiff, has knowingly and willfully used Plaintiff's Mark in connection with advertisement, distribution,

display, sale and offering for sale of Infringing Products without Plaintiff's consent or authorization.

22.     Each of the Defendants' online stores offers shipping to the United States, including Illinois. Each Defendant has offered to sell retail items with Plaintiff's trademark in the offer for sale.

23.     On information and belief, Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling the Infringing Products. Such seller alias registration patterns are one of many common tactics used by the Defendants to conceal their identities and the full scope and interworking of their counterfeiting and infringement operation, and to avoid being shutdown.

24.     On information and belief, Defendants are in constant communication with each other and regularly participate in QQ.com and WeChat chat rooms regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

25.     Infringers and counterfeiters such as Defendants typically operate under multiple seller aliases and payment accounts so that they can continue operation in spite of Plaintiff's enforcement efforts. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their financial accounts to off-shore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to Plaintiff. Indeed, analysis of financial transaction logs from previous similar cases indicates that off-shore counterfeiters regularly move funds from U.S.-based financial accounts to off-shore accounts outside the jurisdiction of this Court.

26.     On information and belief, Defendants are an interrelated group of infringers and counterfeiters working in active concert to knowingly and willfully manufacture, import,

distribute, offer for sale, and sell the Infringing Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, knowingly and willfully used and continue to use the Mark in connection with the advertisement, distribution, offering for sale, and sale of Infringing Products with the display of the Mark over the Internet in the United States and this District.

27.     Defendants' unauthorized use of the Mark in connection with the advertising, distribution, offering for sale, and sale of Infringing Products, throughout the United States, including Illinois, are likely to cause and have caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

## V. DEFENDANTS' UNLAWFUL CONDUCT

28.     The success of Plaintiff's registered trademark has resulted in its counterfeiting and infringement. Plaintiff has identified numerous domain names linked to marketplace listings on certain platforms including the Defendant Internet Stores, which were offering for sale, selling, and importing infringing products to consumers in Illinois, this Judicial District, and throughout the United States.

29.     Plaintiff has identified numerous domain names linked to marketplace listings on platforms such as Amazon.com, which were offering, marketing, soliciting, and advertising to consumers in this Judicial District and throughout the United States in a manner that violates Plaintiff's exclusive right in the Mark.

30.     Upon information and belief, Defendants facilitate sales by designing Defendant's Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine products. Many of the Defendant Internet Stores look sophisticated and accept payment in U.S. dollars via credit cards and PayPal. Defendant

Internet Stores often include images and design elements utilized in the Mark and registered copyright that make it very difficult for consumers to distinguish such counterfeit sites from those of an authorized retailer. Defendants further perpetuate the illusion of legitimacy by offering customer service and using indicia of authenticity and security that consumers have come to associate with authorized retailers.

31.     Plaintiff has not licensed or authorized Defendants to use its Mark. None of the Defendants are authorized retailers of genuine products or authorized to display the registered trademark.

32.     Upon information and belief, Defendants also deceive unknowing consumers by using the Mark without authorization within the content, text, and/or meta tags of their websites to attract various search engines crawling the Internet looking for websites relevant to consumer searches for Plaintiff's products. Additionally, upon information and belief, Defendants use other unauthorized search engine optimization (SEO) tactics and social media spamming so that the Defendant Internet Stores listings show up at or near the top of relevant search results and misdirect consumers searching for genuine products.



33.     There are also similarities among the Defendant Internet Stores. For example, some of the Defendant's websites have virtually identical layouts. In addition, the counterfeit and/or infringing products for sale in the Defendant Internet Stores bear similarities and indicia

of being related to one another, suggesting that the counterfeit and/or infringing products were manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated. For example, some Defendants use the same e-commerce platforms as Plaintiff. The Defendant Internet Stores also include other notable common features on the same e-commerce platform, including the use of the same domain name registration patterns, unique shopping cart platforms, accepted payment methods, check-out methods, illegitimate SEO tactics, identically or similarly priced items and volume sales discounts, similar hosting services, similar name servers, and the use of the same text and images.

34.     Defendants, without any authorization or license from Plaintiff, have knowingly and willfully used and continue to use the Mark in connection with the advertisement, distribution, offering for sale, and sale of counterfeit and infringing products into the United States and Illinois over the Internet. Each Defendant Internet Store offers shipping to the United States, including Illinois, and has offered to sell counterfeit and/or infringing products into the United States, including Illinois.

35.     Defendants' use of the Mark in connection with the advertising, distribution, offering for sale, display and sale of counterfeit products, including the sale of counterfeit and infringing products into Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

36.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

37.     This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of the Mark in connection with the sale,

offering for sale, distribution, and/or advertising of infringing goods.

38.     Defendants have sold, offered to sell, marketed, distributed, and advertised, and/or are still selling, offering to sell, marketing, distributing, and advertising products in connection with the Mark without Plaintiff's permission.

39.     Defendants have infringed Plaintiff's rights in the Mark by, among other things, using in commerce the identical and confusingly similar Mark in connection with the promotion, advertising, sale, offering for sale, and distribution of counterfeit products.

40.     Plaintiff is the exclusive owner of the Mark. Plaintiff's United States Registration for the Mark (Exhibit A) is in full force and effect. Plaintiff has never licensed or authorized Defendants to market, offer for sale, advertise, or distribute Plaintiff's branded products.

41.     Upon information and belief, Defendants have knowledge of Plaintiff's rights in the Mark and are willfully infringing and intentionally using counterfeits of the Mark.

42.     Defendants' willful, intentional and unauthorized use of the Mark is likely to cause mistake and deception as to the origin and quality of the counterfeit goods among the public. Through Defendants' infringing activity, Defendants compromise the goodwill of the Mark by depriving Plaintiff of exclusive control over the customer experience and guarantees of the brand.

43.     Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

44.     Plaintiff has no adequate remedy at law, and if Defendants' actions are not preliminarily or permanently enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its Mark.

45.     The injuries and damages sustained by Plaintiff have been directly and

proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion,

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

46.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

47.     Defendants' promotion, marketing, offering for sale, and sale of counterfeit products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendants' counterfeit and/or infringing products by Plaintiff.

48.     By using Plaintiff's trademark in connection with the sale of counterfeit and/or infringing products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the counterfeit products.

49.     Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the counterfeit products to the public is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

## COUNT III
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
## (815 ILCS § 510, et seq.)

50.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

51.     Defendants have engaged in acts violating Illinois law including, but not limited to, passing off their counterfeit products as those of Plaintiff, causing a likelihood of confusion and/or misunderstanding as to the source of their goods, causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with Plaintiff's genuine products,

representing that their products have Plaintiff's approval when they do not, and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

52.    The foregoing Defendants' acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, et seq.

53.    Plaintiff has no adequate remedy at law, and Defendants' conduct has caused Plaintiff to suffer damage to its reputation and goodwill. Unless enjoined by the Court, Plaintiff will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1)    That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a.  using the Plaintiff trademark or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Plaintiff Product or is not authorized by Plaintiff to be sold in connection with the Plaintiff trademark;

b.  passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff Product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Plaintiff Trademark;

c.  committing any acts calculated to cause consumers to believe that Defendants' Unauthorized Plaintiff Products are those sold under the authorization, control, or

supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d. further infringing the Plaintiff Trademark and damaging Plaintiff's goodwill; and

    e. manufacturing, shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademark,

    2)    Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, any e-commerce platforms such as eBay, AliExpress, Alibaba, Amazon, Wish.com, Walmart, DHgate, Etsy, and Temu (collectively, the "Third Party Providers") shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the Plaintiff Trademark

    3)    That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the Plaintiff trademark be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

    4)    In the alternative, that Plaintiff be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the Plaintiff trademark;

    5)    That Plaintiff be awarded its reasonable attorneys' fees and costs; and

    6)    Award any and all other relief that this Court deems just and proper.

Date: March 17, 2025                   /s/ Ruoting Men

Ruoting Men, Esq.
GLACIER LAW LLP
41 Madison Avenue, Suite 2529
New York, NY 10010
ruoting.men@glacier.law
212-729-5049

***Attorney for Plaintiff***